UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | | |
|---|---|---|
| VORNADO AIR, LLC, | ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| VIOLIFE, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Vornado Air, LLC ("**Vornado**"), by and through its attorneys, for its Complaint against defendant Violife, LLC (**"Defendant"**), alleges as follows:

### Parties

1. Vornado is a limited liability company formed under the laws of the State of Delaware with a principal place of business in Andover, Kansas. Vornado designs and manufactures superior air circulators, including its stylish line of Flippi personal circulation fans. Vornado has a long legacy as a leader in air flow technology, and its stylish designs have become well known to consumers.

2. Upon information and belief, Defendant is a limited liability company formed under the laws of the State of Delaware and has its principal place of business at One Executive Boulevard, Yonkers, New York 10701. Through its website (www.violife.com) and various national retailers, Defendant markets a variety of products, including desktop fans, to customers across the United States.

## Jurisdiction and Venue

3.  This action arises under the patent laws of the United States, 35 U.S.C. §1, *et seq*. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.  This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself of the privilege of conducting business within this State and this District by, among other things, offering for sale and selling desk fans within this District. Among other things, Defendant is offering products for sale through a variety of national retailers that sell products within the District, including but not necessarily limited to: Target, Walmart, Bed Bath & Beyond, Dillard's, and Hobby Lobby. Attached hereto is a receipt for the purchase of one of Defendant's desk fans within the District. *See* Exhibit 1.

5.  Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).

## Factual Background

**The Asserted Patent**

6.  United States Patent Number D608,437 (**"the '437 Patent"**), entitled "Fan", was duly and legally issued on January 19, 2010, and names Pascual J.L. Wawoe, James J. Girard, Glen W. Ediger, Matthew L. Rice, and Gary P. Israel as the inventors. Attached as Exhibit 2 is a true and correct copy of the '437 Patent.

7.  The '437 Patent claims the ornamental design for a fan as shown in the figures of the '437 Patent and described in the description section of the of the '437 Patent. For instance, Figure 1 is a front perspective view showing various ornamental features of the fan that are prominent when the fan is in a first configuration. Figures 3 through 8 provide additional views of these and other ornamental features of the fan. For instance, figures 1 and 3 through 8 shows a

plurality of curved surfaces, relatively flat interior surfaces of opposed stanchions, and relatively flat side surfaces of a fan housing. The combination of these curved and flat surfaces creates a unique ornamental design at least to the extent that the flat surfaces create noticeable transitions to, and contrasts with, the curved surfaces. In the first configuration, the fan is configured to direct air towards a desired location, such as at a user.

8. Figure 2 and figures 9-10 show the fan in a second configuration in which the flat surfaces of the stanchions and the fan housing are concealed such that only various curves of the fan that remain visible are configured such that the fan has an ornamental design that is reminiscent of a relatively solid, single piece having approximately a gumdrop and/or bullet shape.

9. Vornado is the assignee of the entire right, title, and interest in and to the '437 Patent.

10. Since its issuance, the '437 Patent has been in full force and effect. The '437 Patent is valid and enforceable. Pursuant to its assignment, Vornado has commercialized the invention claimed in the '437 Patent, incorporating this invention in its products. Vornado owns all right, title, and interest to the '437 Patent, including the right to sue for past, present, and future infringements. Vornado has properly marked its products, including the Flippi V6, V8, V10 and V Deluxe personal circulation fans, and its other similar products utilizing the '437 Patent's invention pursuant to 35 U.S.C. § 287(a).

**Defendant's Infringing Activities and Products**

11. Defendant has and continues to infringe the '437 Patent by selling and offering for sale desktop fans in the United States that embody the ornamental design claimed in the '437

Patent. The fans include a plurality of curved surfaces, stanchions that include relatively flat inner surfaces, and a fan housing that includes relatively flat side surfaces. When the fan is in a first configuration, the combination of these curved and flat surfaces creates an ornamental design that substantially resembles the fan shown in the '437 fan. When the fan is in a second configuration, the fan has an ornamental design of a relatively solid, single piece that creates an ornamental design that substantially resembles the fan shown in the '437 Patent.



The '437 Patent



Defendant's Fan

12. Defendant has profited through infringement of the '437 Patent. As a result of Defendant's unlawful infringement of the '437 Patent, Plaintiffs have suffered and will continue to suffer damage. Vornado is entitled to injunctive relief and to recover from Defendant the damages it suffered as a result of Defendant's unlawful acts.

13. Upon information and belief, Defendant's infringement of the '437 Patent was and is wilful and deliberate, entitling Vornado to enhanced damages and reasonable attorney's fees and costs.

14. Upon information and belief, Defendant's intend to continue their unlawful infringing activity, and unless Defendant is enjoined by this Court Vornado will continue to suffer irreparable harm from such activity for which there is no adequate remedy at law.

4814-6553-7067.5

COUNT ONE

(Patent Infringement)

15. Vornado repeats and realleges its foregoing allegations as if fully set forth herein in paragraphs 1 to 14.

16. On or about September 28, 2015, Vornado became aware that Defendant has been and is infringing the '437 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, desktop fans in violation of 35 U.S.C. § 271(a).

17. Defendant's activities have been without express or implied license from Vornado.

18. Defendant's acts of infringement of the '437 Patent have caused and will continue to cause Vornado damages for which Vornado is entitled to injunctive relief and compensation pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

(Wilful Infringement)

19. Vornado repeats and realleges its foregoing allegations as if fully set forth herein.

20. On information and belief, Defendant's past and continuing infringement of the '437 Patent has been deliberate and wilful. Its conduct warrants an award of treble damages pursuant to 35 U.S.C. § 284.

21. This case is exceptional and, therefore, Vornado is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

**WHEREFORE**, Vornado requests judgment against Defendant as follows:

1. Adjudging that Defendant has infringed the '437 Patent;

      2.      Granting an injunction permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '437 Patent;

      3.      Ordering Defendant to account and pay damages adequate to compensate Vornado for Defendant's infringement of the '437 Patent, with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

      4.      Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

      5.      Declaring this case exceptional and awarding Vornado its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

      6.      Ordering Defendant to pay Vornado pre-judgment interest under 35 U.S.C. § 284 and post-judgment interest under 28 U.S.C. § 1961 on all damages awarded; and

      7.      Awarding such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL & DESIGNATION OF PLACE OF TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable in Wichita, Kansas.

Respectfully submitted,

KUTAK ROCK LLP

By: s/ Richard A. Olmstead
Richard A. Olmstead (KS #19946)
Omni Center IV
111 S. Whittier, Suite 110
Wichita, KS 67207

Bryan P. Stanley (KS #19289)
2300 Main Street, Suite 800
Kansas City, Missouri 64108

(816) 960-0090
(816) 960-0041 Facsimile
*Attorneys for Vornado*

4814-6553-7067.5